Birdie Amsterdam, J.
The plaintiff husband instituted this action for an annulment of marriage grounded on fraud. The issues arising therefrom were framed and submitted to a jury. The jury responded in favor of the defendant wife and the complaint was thereupon dismissed.
A counterclaim for a separation predicated upon nonsupport and cruelty was interposed by the defendant wife. From the evidence adduced before me upon the trial thereof, I find that the defendant wife has satisfactorily proven the allegations of her countersuit and is entitled to a decree of separation.
The only issue to be determined is that of the amount of the alimony to be allowed her.
The credible evidence established in essence that the parties were married on June 13, 1955 in the State of California and separated in November or December of 1957 with one or more separations in between; that there is no issue of their marriage ; that she is a young woman 29 years of age and he is 49; that by way of vocation she had been employed at various times prior to meeting the plaintiff — vending fruit juices at a place of entertainment — as a telephone operator — as a receptionist and typist; that previous to the marriage, while living together, he purchased a one-family house in Encino, California, where, after the marriage, they continued to reside; that this house has an equity of approximately $20,000; that after the marriage she was allowed pocket money of $50 per week according to his contention, but $100 per week according to hers; that he is ‘1 one of the owners of S. Minskoff & Sons, builders and real estate owners, who have extensive real estate holdings throughout various parts of the country ”; that a large portion, if not the major part of his holdings, are pledged as collateral for considerable advances which have been made to him by the *719 firm, S. Minskoff & Sons, and that he is under obligations and in debt for large sums of money that he borrowed from non-relatives as well as relatives both before and during the marriage ; that she had no resources at the time of marriage; that she did not assist him in accumulating any of his assets; that he receives monthly compensation in the sum of $1,666.66 from the family companies and in addition the sum of $1,720 monthly from the various family-controlled sources which he claims to be his share of the cash profits; that since 1956 he has been receiving these sum regularly at the beginning of each month; that his current monthly obligations are approximately $2,600; that embraced therein is the education and sustenance of his minor son by his first marriage and also alimony in the sum of $625 per month to his first wife pursuant to a court decree.
In determining the amount to be awarded her, I have taken into account and carefully considered certain factors amongst which are the age, health, social position, standard of living of the parties, the duration and nature of the marriage, the financial conditions of both, the source and amount of property, their earning capacity and income, their necessities and obligations, their conduct, etc. The above formula was ably enunciated in Phillips v. Phillips (1 AD 2d 393, 398).
Her assertion that he is ££ a playboy and is constantly running to Las Vegas, Miami Beach, Palm Springs and £ hot-spots ’ throughout the country ” lacks substance to indicate to the court any established standard of living that these parties enjoyed jointly while living together during the marriage. The defendant wife merely concentrated on the plaintiff husband’s financial background and his current income. She failed to satisfy the rule that, in determining the amount of alimony that a wife is entitled to receive, there must be positive and substantial proof of the manner and extent of the previous living conditions. In Hearst v. Hearst (3 A D 2d 706), the court aptly held that ££ A wife is not entitled to share in a husband’s income as such, but is entitled to support on the basis of the established standard of living, if otherwise reasonable, within the income of the husband. There are also many other factors to be considered (see e.g., Phillips v. Phillips, 1 A D 2d 393).”
Anent his obligations or debts, the defendant wife does not deny that he has debts but urges that most ££ of his debts are either gambling debts or traceable to the fact that he lost money in gambling.” The obligations or debts of the husband are to be considered, so that the rights of his creditors may be protected (19 C. J., Divorce, § 591).
*720 As for Ms montMy income in the sum of $1,720 (received by him regularly every month since 1956 without any variation in amount), which he contends represents his share of cash profits and is subject to change or termination dependent upon factors which are beyond his control, I am of the considered opinion that tMs money is in fact earnings.
Regarding the $625 item claimed by him as monthly alimony payments to Ms first wife, his obligation therefor is questionable, since his accountant was not certain about it and the first wife has remarried.
In the Phillips case (supra), the court considered the realistic view that the ability for the wife’s self-support should be taken into account in arriving at the amount for support. And the rule was stated succinctly by my learned colleague, Mr. Justice Hofstadter, in Doyle v. Doyle (5 Misc 2d 4, 7): “If a woman proves need she should have support — but when she can, she should also be required to mitigate her husband’s burden either by her own financial means or earning potential or both.”
Considering the short duration of the marriage, the nonexistence of any cMldren, the potential earning capacity of the defendant wife, the failure of any substantial proof of the living standard of the parties, as well as all of the other surrounding factors, I hereby award the defendant wife an allowance of $150 per week. Costs and disbursements to defendant wife are herewith allowed.
TMs constitutes the decision of the court pursuant to section 439 and 440 of the Civil Practice Act.
Settle judgment accordingly.